IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

NANCY GARAY,            Civ. No. 1:17-cv-00269-MC

        Plaintiff,            **OPINION & ORDER**

  v.

LOWES HOME CENTERS LLC.,

        Defendant.

_____

McSHANE, District Judge.

This matter comes before the Court on Defendant Lowes Home Centers, LCC ("Lowes")'s Motion to Dismiss Plaintiff's second claim for relief. ECF No. 6. The Court heard oral argument by telephone on May 31, 2017. For the reasons discussed below, the motion is GRANTED.

## BACKGROUND

Plaintiff Nancy Garay ("Garay") was employed by Lowes for more than 16 years, most recently as a Facilities Service Associate ("FSA"). On May 9, 2016, Garay was terminated, apparently for using her accrued sick days. Garay was 55 years old at the time of her termination and she was replaced as FSA by a younger employee.

## LEGAL STANDARD

Where a plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). In order to state a viable claim, a plaintiff

must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). This means a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

## DISCUSSION

Garay's second claim for relief alleges age discrimination based on disparate impact.[1] A disparate impact claim challenges "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 749 (9th Cir. 2003) (internal quotation marks and citation omitted). In order to state a claim for age discrimination based on disparate impact, a plaintiff must show "(1) the occurrence of certain

---

[1] The Amended Complaint suggests that it brings this claim pursuant to ORS 659A.030, rather than the Age Discrimination Employment Act, 29 U.S.C. § 633a(a). ORS 659A.030(1)(a) prohibits employers from discriminating against employees because of "age if the individual is 18 years of age or older." The Oregon Court of Appeals has mentioned in dicta that "a disparate impact case may be made out by showing that a facially neutral policy or criterion has a disproportionately negative impact on a protected class[.]" *Christianson v. State*, 239 Or. App. 451, 457-58 (2010) (contrasting disparate impact and disparate treatment claims.), but it is unclear whether an age discrimination claim based on disparate impact is cognizable under Oregon law. *Doyle v. City of Medford*, 256 Or. App. 625, 645-647 (2013) (so noting) *rev'd on other grounds* 356 Or. 336 (2014). Ultimately, it does not appear that the distinction will be outcome determinative for purposes of this motion because the standard discussed in *Christianson* is essentially the same as the standard in *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 749 (9th Cir. 2003), and Garay has failed to state a claim under either formulation. Garay's Response confines itself to discussion of cases involving age discrimination under the ADEA and makes no argument as the existence of a state law cause of action for age discrimination based on disparate impact.

outwardly neutral employment practices, and (2) a significantly adverse or disproportionate impact on persons of a particular [age] produced by the employer's facially neutral acts or practices." *Id.* (internal quotation marks and citation omitted).

"A disparate impact claim must challenge a specific business practice." *Pottenger*, 329 F.3d at 749. "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact . . . [r]ather, the employee is responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical discrepancies." *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005) (emphasis in original). Identifying the specific practice in age discrimination cases alleging disparate impact "is not a trivial burden." *Stockwell v. City and Cnty. of San Francisco*, 749 F.3d 1107, 1114 (9th Cir. 2014). "The plaintiff must also demonstrate a causal connection between those specific employment practices and the asserted impact on those of a particular age." *Id.*

In this case, Garay does not sufficiently allege that the age discrimination is based on a specific business practice. Garay claims that Lowes "acted upon a policy which encourages discrimination against older workers in that they have systematically been getting rid of employees who have been with the company for more than ten years." The Amended Complaint provides no other facts about the policy in question or its implementation.

Garay does not allege any facts to support her claim that the challenged policy disproportionately impacts employees of a particular age. Garay claims that the policy discriminates against "older workers within the company," but provides no facts to support that conclusion. The Amended Complaint is focused almost entirely on Garay's own termination and

provides no information from which the Court might infer that a facially neutral policy is disproportionately harming employees of a particular age.

Nor does Garay allege a causal connection between the policy and discrimination against employees of a certain age, other than to suggest that it is unlikely that a twenty-nine year old employee would have been with the company for more than ten years. An employee's age is, however, "analytically distinct from his years of service." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) (addressing a disparate treatment claim under the ADEA); *see also Jianqing Wu v. Special Counsel, Inc.*, 54 F. Supp.3d 48, 55 (D. D.C. 2014) (addressing a disparate impact claim and concluding that "age and experience in the field are not logical equivalents,"). As Lowes points out, a younger employee might easily have more seniority with the company than a newly-hired, but older, employee.

The allegations contained in the Amended Complaint cannot, therefore, sustain a claim for age discrimination based on disparate impact.

## CONCLUSION

Defendant's Motion to Dismiss is GRANTED. ECF No. 6. Plaintiff's second claim for relief, for age discrimination, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint.

It is so ORDERED and DATED this __2nd__ day of June, 2017.

Michael McShane
United States District Judge