IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

NANCY GARAY,

          Plaintiff,

   v.

LOWES HOME CENTERS, LLC,

          Defendant.

Civ. No. 1:17-cv-00269-MC

**OPINION & ORDER**

McSHANE, District Judge.

This matter comes before the Court on Defendant Lowes Home Centers, LCC ("Lowes")'s Motion to Dismiss Plaintiff's second claim for relief. ECF No. 14. For the reasons discussed below, the motion is GRANTED.

## BACKGROUND

Plaintiff Nancy Garay ("Garay") was employed by Lowes for more than 16 years, most recently as a Facilities Service Associate ("FSA"). On May 9, 2016, Garay was terminated, apparently for using her accrued sick days. Garay was 55 years old at the time of her termination and she was replaced as FSA by a younger employee.

The Second Amended Complaint ("SAC") alleges that Lowes has "terminated several workers over the age of 40 without valid reasons or for bogus events which [Lowes] has created to justify termination." Garay claims that Lowes has "acted upon a policy which encourages discrimination against older workers in that they have systematically been harassing to the point

that employees quit or firing employees who have been with the company for more than ten years," and this policy is aimed at "keeping a younger workforce."

The SAC alleges that in the three years preceding Garay's termination and in the year following, Lowes's policies have resulted in "at least 15 employees over the age of 40 being terminated or being forced to quit without sufficient justification." Garay claims that the terminations have been "in far greater proportion for those over age 40 than they have been to those who are under age 40."

On June 2, 2017, the Court dismissed Garay's second claim for relief with leave to amend. ECF No. 12. Garay filed her SAC on July 2, 2017, and this motion followed.

## LEGAL STANDARD

Where a plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). In order to state a viable claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This means a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

**DISCUSSION**

As a preliminary matter, Garay's Response in Opposition to Lowes's Motion to Dismiss was not timely filed. *See* LR 7-1(e) ("A party must file and serve any response within 14 days after service of the motion."). The Local Rules provide that failure to timely file a response constitutes a waiver of oral argument on the motion. LR 7-1(d)(4). Garay provides no explanation for her late Response and Lowes urges the Court to disregard the untimely filing. The Court has opted to resolve this motion on the merits, but Garay is warned that all future filings should be submitted within the timeframe provided by the Local Rules.

Garay's second claim for relief alleges age discrimination based on disparate impact.[1] A disparate impact claim challenges "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 749 (9th Cir. 2003) (internal quotation marks and citation omitted). In order to state a claim for age discrimination based on disparate impact, a plaintiff must show "(1) the occurrence of certain outwardly neutral employment practices, and (2) a significantly adverse or disproportionate impact on persons of a particular [age] produced by the employer's facially neutral acts or practices." *Id.* (internal quotation marks and citation omitted).

---

[1] Like the First Amended Complaint, the SAC suggests that it brings this claim pursuant to ORS 659A.030, rather than the Age Discrimination Employment Act, 29 U.S.C. § 633a(a). ORS 659A.030(1)(a) prohibits employers from discriminating against employees because of "age if the individual is 18 years of age or older." The Oregon Court of Appeals has mentioned in dicta that "a disparate impact case may be made out by showing that a facially neutral policy or criterion has a disproportionately negative impact on a protected class[.]" *Christianson v. State*, 239 Or. App. 451, 457-58 (2010) (contrasting disparate impact and disparate treatment claims.), but it is unclear whether an age discrimination claim based on disparate impact is cognizable under Oregon law. *Doyle v. City of Medford*, 256 Or. App. 625, 645-647 (2013) (so noting) *rev'd on other grounds* 356 Or. 336 (2014). Ultimately, it does not appear that the distinction will be outcome determinative for purposes of this motion because the standard discussed in *Christianson* is essentially the same as the standard in *Pottenger v. Potlatch Corp.*, 329 F.3d 740, 749 (9th Cir. 2003), and Garay has again failed to state a claim under either formulation. As with the previous Motion to Dismiss, Garay's Response confines itself to discussion of cases involving age discrimination under the ADEA and makes no argument as the existence of a state law cause of action for age discrimination based on disparate impact.

"A disparate impact claim must challenge a specific business practice." *Pottenger*, 329 F.3d at 749. "[I]t is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact . . . [r]ather, the employee is responsible for isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical discrepancies." *Smith v. City of Jackson*, 544 U.S. 228, 241 (2005) (internal quotation marks and citation omitted, emphasis in original). Identifying the specific practice in age discrimination cases alleging disparate impact "is not a trivial burden." *Stockwell v. City and Cnty. of San Francisco*, 749 F.3d 1107, 1114 (9th Cir. 2014). "The plaintiff must also demonstrate a causal connection between those specific employment practices and the asserted impact on those of a particular age." *Id.* The standards for a disparate impact claim are exacting: "A disparate impact plaintiff must not merely prove circumstances raising an inference of discriminatory impact; he must prove the discriminatory impact at issue." *Palmer v. United States*, 794 F.2d 534, 536-37 (9th Cir. 1986).

In this case, as with the First Amended Complaint ("FAC"), Garay does not sufficiently allege that the age discrimination is based on a specific business practice. Garay claims that Lowes "acted upon a policy which encourages discrimination against older workers in that they have systematically been harassing to the point that employees quit or firing employees who have been with the company for more than ten years." A disparate impact plaintiff must also show "that he was subject to the particular employment practice with the alleged disparate impact." *Pottenger*, 329 F.3d at 749-50. As Lowes points out, Garay alleges that she was terminated and so a policy of harassment aimed at causing employees to quit would not be relevant to her claim.[2] The SAC provides no other facts about a policy of terminating older

---

[2] The SAC is inconsistent as to whether there is a single policy or multiple policies in place. Nor does the SAC clearly allege a facially neutral policy. On the contrary, Garay alleges that Lowes had a policy of "systematic

employees or its implementation. For instance, of the fifteen older employees alleged to have left the company as a result of Lowes's policy, the SAC does not allege how many quit, as opposed to how many were fired.

Furthermore, Garay does not allege sufficient facts to support her claim that the challenged policy disproportionately impacts employees of a particular age. "A plaintiff in a disparate impact case uses statistical evidence to show that a facially neutral policy produces a 'significantly discriminatory pattern' based on a protected characteristic. *Richardson v. Nw. Christian Univ.*, 242 F. Supp.3d 1132, 1147 (D. Or. 2017) (quoting *Sakellar v. Lockheed Missiles & Space Co.*, 765 F.2d 1453, 1456 (9th Cir. 1985)). While it would be premature to require detailed statistical evidence at the pleading stage, Garay must still provide *some* well-pleaded facts to support her claim. *See, e.g., Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014) (a disparate impact claim is properly dismissed at the pleading state when it lacks "basic allegations" regarding statistical methods and comparison, or "any other factual material to move the disparate-impact claim over the plausibility threshold."). Here, the SAC alleges that at least fifteen workers over the age of forty have been terminated or driven to quit over the course of four years as a result of Lowes's policies, but provides only the conclusory allegation that the policy-driven terminations have fallen more heavily on older workers. The SAC does not allege how many people are employed by Lowes, how many total people have quit or been fired over the same four-year period, the ages of those who quit or were fired, or any other information that would allow the Court to reasonably connect those fifteen terminations to the alleged policy or policies. In her Response, Garay appears to admit that she does not know how

---

harassment" that was "aimed at keeping a younger workforce." This suggests a policy of intentional discrimination and disparate treatment, not disparate impact resulting from a facially neutral policy. *See Palmer v. United States*, 794 F.2d 534, 536-37 (9th Cir. 1986) (contrasting claims for disparate treatment and disparate impact). At least one Circuit Court has held that "analysis under disparate impact is not appropriate where plaintiff claims injury based on a facially discriminatory policy." *Healy v. Southwood Psychiatric Hosp.*, 78 F.3d 128, 131 (3d Cir. 1996).

many employees have been fired and offers no support for her claim that the "vast majority" of terminated employees have been over the age of forty.[3] As previously noted, *Iqbal* and *Twombly* require that a complaint provide enough factual content to allow the court to do more than infer the "mere possibility" of misconduct by a defendant. The SAC simply does not meet this standard.

Finally, as with the FAC, Garay fails to allege a causal connection between the policy and discrimination against employees of a certain age, other than to re-assert that there is a "clear nexus" between a policy terminating employees who have been with the company for more than ten years and a disparate impact on older workers. As the Court has previously explained, an employee's age is "analytically distinct from his years of service." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611 (1993) (addressing a disparate treatment claim under the ADEA); *see also Jianqing Wu v. Special Counsel, Inc.*, 54 F. Supp.3d 48, 55 (D. D.C. 2014) (addressing a disparate impact claim and concluding that "age and experience in the field are not logical equivalents,"). As the Court noted in its previous Order, a younger employee might easily have more seniority with the company than a newly-hired older employee and so a policy involving long-term employees does not automatically implicate a disparate impact on employees over forty.

The allegations contained in the SAC cannot sustain a claim for age discrimination based on disparate impact.

---

[3] Garay's Response is not internally consistent on this point. Pl. Resp. 3 ("Without discovery, Plaintiff has no way of knowing how many employees have been fired over the same time period, but believes that the practice of the employer has a much greater impact on older workers as the younger workers are not experiencing the same type of discrimination.") and 5 ("The vast majority of employees this policy has impacted are over the age of 40.").

## CONCLUSION

It is clear from Plaintiff's Response that she lacks sufficient facts to state a plausible claim for age discrimination based on disparate impact at this time and that permitting further amendment would be futile. Accordingly, Defendant's Motion to Dismiss, ECF No. 14, is GRANTED and Plaintiff's second claim for relief is DISMISSED. Defendant is directed to file an answer to the remaining claim in the Second Amended Complaint by December 3, 2017. Should Plaintiff learn of additional facts to support a claim for age discrimination based on disparate impact, the Court will consider a properly supported motion to amend the complaint.

It is so ORDERED and DATED this __14th__ day of November, 2017.

                                                s/Michael J. McShane
                                                Michael McShane
                                                United States District Judge